UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT,<br><br>          Petitioner,<br>     v.<br><br>L. SCRIBNER,<br><br>          Respondent. | CASE NO. 06-1856-JM(LSP)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS (5-1) AND SETTING BRIEFING SCHEDULE |

Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Respondent has filed a Motion to Dismiss the Petition. Petitioner has filed an Opposition to the Motion to Dismiss. The Court, having reviewed the documents filed by the parties, and GOOD CAUSE APPEARING, HEREBY DENIES Respondent's Motion to Dismiss and sets a briefing schedule.

PROCEDURAL BACKGROUND

On September 11, 2006, Petitioner filed his Petition. On October 27, 2006, Respondent filed a Motion to Dismiss the Petition. Petitioner's Opposition to the Motion to Dismiss was due on November 20, 2006. However, on November 22, 2006, Petitioner filed a First Amended Petition. Petitioner's original Petition contains

three claims. But his First Amended Petition contains only one claim. Therefore, on December 5, 2006, the Court ordered Petitioner to file a Second Amended Petition (hereafter "SAP") that contained all the claims which he intended to bring in this action. On December 12, 2006, Petitioner filed an Opposition to Respondent's Motion to Dismiss the original Petition.

On December 22, 2006, Petitioner filed a SAP. On January 19, 2007, Respondent filed a Response to Petitioner's SAP.[1] On February 21, 2007, Petitioner filed a Response to Respondent's Response to the Second Amended Petition.

RESPONDENT'S MOTION TO DISMISS

Petitioner's SAP contains the following claims that challenge the validity of a prison disciplinary hearing at which he was found guilty as charged:

1. <u>Petitioner was denied his due process rights to all non-confidential reports in violation of the Fourteenth Amendment to the United States Constitution</u>. In this claim, Petitioner alleges that his procedural due process rights were violated by prison officials' failure to disclose to him all non-confidential reports required from the arresting official and other employees involved in the incident for which he was charged.

2. <u>Petitioner was denied due process by the disciplinary hearing officer basing Petitioner's guilt on a falsified report in violation of the Fourteenth Amendment to the United States Constitution</u>. In

---

[1] Respondent's Response to the SAP reiterates the arguments made in his Motion to Dismiss the original Petition, noting that "A comparison of the initial Petition with the Second Amended Petition reflects that they are substantially similar, except that Petitioner has alleged in the Second Amended Petition further background facts regarding the challenged disciplinary hearing." (Respondent's Response to Second Amended Petition, at 2) The Court agrees with this characterization.

this claim, Petitioner alleges that his substantive due process rights were violated when the disciplinary hearing officer found him guilty based on falsified evidence.

3. <u>Petitioner was denied due process by the failure of the Investigating Employee to collect documentary evidence from staff involved and introducing a false report of inculpatory evidence in violation of the Fourteenth Amendment to the United States Constitution</u>. In this claim, Petitioner alleges that since his housing status prevented him from conducting his own investigation for his defense at the disciplinary hearing, the Investigating Employee assigned to assist Petitioner failed to fulfill his duties.

Respondent argues that the SAP fails to present a claim for violation of federal due process rights in that Petitioner refers to only California administrative rules and regulations in his claims. Petitioner argues that while he cites to California administrative rules and regulations, Respondent's failure to adhere to those rules and regulations violated his due process rights.

The Court agrees with Petitioner. The administrative rules and regulations to which Petitioner refers appear to have been promulgated so that, if followed, Respondent's actions would comport with due process in disciplinary matters. That those rules and regulations may have been disregarded or circumvented *may* give rise to due process violations. As a result, Petitioner has made *prima facie* claims of violations of his due process rights.[2]

Further, Respondent argues on the merits, that Petitioner is not entitled to the relief he seeks because he was afforded all the

---

[2] The Court does not express any opinion regarding the validity or merits of Petitioner's claims.

process to which he was due at the disciplinary hearing. However, this argument is more properly presented in an Answer to the SAP, not in a Motion to Dismiss. Therefore, Respondent's Motion to Dismiss is DENIED.

## BRIEFING SCHEDULE

Respondent shall file and serve an Answer to the Petition, <u>and a Memorandum of Points and Authorities in Support of Such Answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **June 1, 2007**. At the time the Answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

Petitioner may file a Traverse to matters raised in the Answer no later than **July 2, 2007**. Any Traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the Answer; (b) shall be limited to facts or arguments responsive to matters raised in the Answer; and c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the Traverse will not be considered. No Traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant

1  such a request only upon a showing of good cause.  Any such request
2  shall be accompanied by a declaration under penalty of perjury
3  explaining why an extension of time is necessary.
4      Unless otherwise ordered by the Court, this case shall be
5  deemed submitted on the day following the date Petitioner's Traverse
6  is due.
7      Every document delivered to the Court must include a
8  certificate of service attesting that a copy of such document was
9  served on opposing counsel (or on the opposing party, if such party
10 is not represented by counsel).  Any document delivered to the Court
11 without a certificate of service will be returned to the submitting
12 party and will be disregarded by the Court.
13
14 DATED:  April 12, 2007
15
16
17  _____
18
19      Hon. Leo S. Papas
20      U.S. Magistrate Judge